*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-12-0000775
02-MAR-2016
08:29 AM

SCWC-12-0000775

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

MARK L. RICHARDSON, JR.,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000775; CASE NO. 1DTA-11-03535)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Mark L. Richardson, Jr.

(Richardson) seeks review of the Intermediate Court of Appeals's

(ICA) June 8, 2015 Judgment on Appeal filed pursuant to its

April 30, 2015 Summary Disposition Order (SDO). The ICA vacated

the District Court of the First Circuit's (district court)

judgment due to a violation of <u>Tachibana v. State</u> and Hawaiʻi

Rules of Penal Procedure (HRPP) Rule 48.  The district court

adjudged Richardson guilty of Operating a Vehicle Under the

Influence of an Intoxicant (OVUII), in violation of Hawaiʻi

Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[1]  We

accepted Richardson's application for writ of certiorari and now

affirm the ICA's Judgment on Appeal vacating the district court's

judgment, and the case is remanded to the district court.

      After being arrested for OVUII, Richardson was taken to

the police station, where he was read an implied consent form.[2]

---

[1]     HRS § 291E-61(a)(3) (Supp. 2010) provides:

    (a) A person commits the offense of operating a
    vehicle under the influence of an intoxicant if the
    person operates or assumes actual physical control of
    a vehicle:

    . . .

    (3) With .08 or more grams of alcohol per two hundred
    ten liters of breath . . . .

[2]     The form read in relevant part:

    1.__ Any person who operates a vehicle upon a public
    way, street, road, or highway or on or in the waters
    of the State shall be deemed to have given consent to
    a test or tests for the purpose of determining alcohol
    concentration or drug content of the persons [sic]
    breath, blood or urine as applicable.

    2.__ You are not entitled to an attorney before you
    submit to any tests [sic] or tests to determine your
    alcohol and/or drug content.

    3.__ You may refuse to submit to a breath or blood
    test, or both for the purpose of determining alcohol
    concentration and/or blood or urine test, or both for
    the purpose of determining drug content, none shall be

(continued...)

Richardson then chose to take a breath test, which resulted in a breath alcohol content reading of 0.161 grams of alcohol per 210 of breath. On certiorari, Richardson contends that he did not constitutionally consent to the breath test because his consent was coerced by the implied consent form, which conveyed a threat of imprisonment and significant punishment for refusal to submit to a breath, blood, or urine test under HRS § 291E-68 (Supp. 2010).

In State v. Won, 136 Hawaiʻi 292, 312, 361 P.3d 1195, 1215 (2015), we held that the "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." Following this decision, the result of Richardson's breath test is the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Richardson's motion to

---

[2](...continued)
   given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

suppress the breath test result.[3]

IT IS HEREBY ORDERED that: (1) the ICA's judgment vacating the district court's judgment is affirmed; and (2) the case is remanded to the district court for further proceedings consistent with our opinion in State v. Won.

DATED:  Honolulu, Hawaiʻi, March 2, 2016.

| | |
|---|---|
| Richard L. Holcomb<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Stephen K. Tsushima<br>for respondent | /s/ Michael D. Wilson |



---

[3]     Because we decide this issue on lack of consent, we do not reach his remaining points of error.

4